# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | Cause No. DR19-CR-3002-AM |
| § | |
| ONILSON DARIO JUAREZ-MENDEZ § | |
| A/K/A NELSON DAVID LOPEZ § | |

## GOVERNMENT'S MOTIONS IN LIMINE

TO THE HONORABLE ALIA MOSES, UNITED STATES DISTRICT JUDGE:

The United States by and through the undersigned Assistant United States Attorney, hereby requests that counsel for the Defendant, and through such counsel any and all defense witnesses, be instructed by appropriate order to refrain from making any mention or interrogation, directly or indirectly in any manner whatsoever, concerning the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause during the trial or during arguments in regard to any alleged theory of admissibility of such matters or during final argument of the trial. This case is not currently slated for trial.

1.  **AGE OF CONSENT**: This Court should preclude Defendant, his counsel, and all defense witnesses from using testimony, remarks, tangible evidence, exhibits, questions, or arguments which relate, either directly or indirectly, to any alleged age of consent contrary to existing U.S. law. The appropriate age considerations for this case, based on the charged offenses in the Superceding Indictment, are identified by U.S. law. For charges brought under 18 U.S.C. § 2423, the relevant age of consent is: sixteen for non-commercial sex acts and eighteen for commercial sex acts (as defined in 18 U.S.C. § 1591). *See* 18 U.S.C. §§ 2423(f), 2241-48, 1591. Mention of any foreign or non-applicable age of consent—such as the age of consent in Mexico

or elsewhere—is wholly irrelevant, would be a misstatement of the applicable law, would be contrary to the anticipated jury instructions, and would serve no function but to mislead the jury, confuse the issues, and waste this Court's time. As such, no reference to any alleged age of consent contrary to the jury is present.

2. **PRETRIAL DISCUSSIONS**: The Government requests that Defense Counsel be strictly prohibited from stating or eliciting in any manner, from any witness, any plea arrangement discussions, pretrial conferences, or any related statements, between the Government and the Defendant or his counsel in this case, in that such information is not relevant evidence in connection with the resolution of any issues in this case. FED. R. EVID. 401, 402, 410.

3. **TESTIMONY ONLY THROUGH DEFENDANT**: Restricting counsel from alluding to facts or exhibits which could only come to the fact finder's attention through the sworn testimony of the Defendant or other defense witnesses unless counsel for the Defense makes a good faith proffer to the Court that such witness will in fact testify.

3. **SELF-SERVING HEARSAY**: Prohibiting any attempt by defense to elicit Defendant's out of court, self-serving statements from any witness or through any exhibit. Any such statements, when attempted to be elicited by the Defendant, are hearsay without exception and inadmissible. *See* Fed. R. Evid. 801, 804; *see also United States v. Bishop*, 264 F.3d 535, 549 (5th Cir. 2001) (finding that the district court properly excluded the defendant's testimony concerning the defendant's own prior statements as "self-serving" assertions, not subject to any hearsay exceptions); *United States v. Sanders*, 639 F.2d 268, 270 (5th Cir. 1981) (defense could not elicit hearsay statements of a defendant).

4. **SPECIFIC INTENT / GOOD FAITH BELIEF**: Prohibiting any evidence or argument concerning the defendant's good faith beliefs or ignorance of the law, as the crimes with

which Defendant is charged are not specific intent crimes. *See United States v. De Jesus-Batres*, 410 F.3d 154, 162 (5th Cir. 2005), *United States v. Rivera*, 879 F.2d 1247, 1251 (5th Cir. 1989) (overruled on other grounds); *see also United States v. DeLeon*, 484 Fed.Appx. 920, 931 (5th Cir. 2012) (unpublished).

5. **STATEMENTS RELATING TO THE EMOTIONAL, FINANCIAL OR HEALTH STATUS OF THE DEFENDANT OR THE DEFENDANT'S FAMILY**: The Government requests that Defense Counsel be strictly prohibited from stating or eliciting in any manner, from any witness, the emotional, financial or health status of the Defendant or members of the Defendant's family. This information is irrelevant in the trial of this case, and Counsel should be cautioned to avoid eliciting responses that touch or bear on the aforementioned matters. FED. R. EVID. 401, 402.

6. **STATEMENTS RELATING TO FUTURE IMMIGRATION AND ANY OTHER COLLATERAL CONSEQUENCES IF THE DEFENDANT IS FOUND GUILTY:** The Government requests that Defense Counsel be strictly prohibited from stating or eliciting in any manner, from any witness, the immigration and any other collateral consequences the Defendant may suffer if he is found guilty in this case. This information is collateral and irrelevant to any element of this case, and may mislead and confuse the jury. FED. R. EVID. 401, 403.

7. **STATEMENTS CONCERNING STATUS OF VISA APPLICATIONS, ASYLUM APPLICATIONS, CREDIBLE FEAR ASSERTIONS, AND OTHER APPLICATIONS AFFECTING IMMIGRATION STATUS**: The Government requests that Defense Counsel be strictly prohibited from discussing or eliciting in any manner, from any witness, any information about pending visa applications, pending asylum applications, credible fear assertions, or any other pending applications that may affect the Defendant's immigration

status. Such statements and documents have no bearing on any fact at issue in the case and are wholly inconsequential in the present action. FED. R. EVID. 401, 403.

8. **VICTIM'S SEXUAL BEHAVIOR EVIDENCE**: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the victim's sexual behavior or predisposition. Federal Rule of Evidence 412 provides that evidence "offered to prove that any alleged victim engaged in other sexual behavior" or "offered to prove any alleged victim's sexual predisposition" is inadmissible at trial unless it fits into one of three categories of exceptions. Fed. R. Evid. 412(a)(1), (a)(2). The Advisory Committee makes clear that the word "behavior" should be construed broadly, including "all activities that involve actual physical conduct" as well as "activities of the mind, such as fantasies and dreams." Fed. R. Evid. 412, advisory committee's note; see, e.g., B.K.B. v. Maui Police Dept., 276 F.3d 1091 (9th Cir. 2002) (in a sexual discrimination case, "sexual behavior" included testimony that victim modeled lingerie for two fellow police officers, once had an orgasm while using a sexual device and thinking of one of the witnesses and wanted to get the witness into bed and "hurt" him).

9. **DEFENSE EXHIBITS**: The Government requests that Defense Counsel be strictly prohibited from commenting on any defense exhibits that have not previously been supplied to counsel for the Government in opening statement.

10. **SENTENCING ISSUES**: The Government requests that Defense Counsel be strictly prohibited from stating or eliciting in any manner, from any witness, any reference to the punishment the Defendant would receive if convicted. The Fifth Circuit Pattern Jury Instruction 1.20 provides as follows:

>If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

Fifth Circuit case law is equally clear on this point. "It is error to tell the jury about the consequences of a certain verdict even if they are mandatory." *United States v. McCracken*, 488 F.2d 406, 425 (5th Cir. 1974).

    Respectfully submitted,
    ASHLEY C. HOFF
    United States Attorney

    By:

    _____/s/_____
    JOSHUA B. BANISTER
    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2021, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the Defendant's counsel.


_____/s/_____
JOSHUA B. BANISTER
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTEN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Cause No. DR19-CR-3002-AM |
| | § | |
| ONILSON DARIO JUAREZ-MENDEZ A/K/A NELSON DAVID LOPEZ | § § | |

**ORDER ON GOVERNMENT'S MOTION IN LIMINE**

On this day the Court considered Government's Motions in Limine in the above reference Cause. It is hereby the opinion of the Court that the Motions should be:

1) Granted_____ Denied_____

2) Granted_____ Denied_____

3) Granted_____ Denied_____

4) Granted_____ Denied_____

5) Granted_____ Denied_____

6) Granted_____ Denied_____

7) Granted_____ Denied_____

8) Granted_____ Denied_____

9) Granted_____ Denied_____

10) Granted_____ Denied_____

Signed this, the _____ day of _____, 20_____.

_____
THE HONORABLE ALIA MOSES
United States District Judge